```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                              CRIMINAL ACTION NO. 2:16-00136-05

**GREER ELIZABETH RAMSEY**

<u>PROBATION REVOCATION AND JUDGMENT ORDER</u>
<u>MEMORANDUM OPINION AND ORDER</u>

On August 20, 2018, the United States of America appeared by Christopher R. Arthur, Assistant United States Attorney, and the defendant, Greer Elizabeth Ramsey, appeared in person and by her counsel, John A. Carr, for a hearing on the petition seeking revocation of probation submitted by United States Probation Officer Kara Dills. The defendant commenced a three-year term of probation in this action on March 9, 2017, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on March 23, 2017.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found by a preponderance of the evidence that the defendant has violated the conditions of probation in the following respects: (1) the defendant used and possessed controlled substances as evidenced by positive urine specimens submitted by her on January 23 and February 27, 2018, for morphine; a positive urine specimen submitted by her on April 19, 2018, for methamphetamine; and a positive urine specimen submitted by her on July 25, 2018, the defendant having admitted to the probation officer that she smoked 30-60 milligrams of oxycodone on July 22, 2018; (2) the defendant failed to file a monthly report as instructed for October, November and December 2017, and January, February, March, April, May and June, 2018; (3) the defendant failed to report to the probation officer as instructed on March 29, 2018; (4) the defendant has failed to maintain employment since September 2017; (5) the defendant failed to report for urine screens as instructed for the months of April, May, June, July, August, September and October, 2017; (6) the defendant failed to report for urine screens as instructed on November 9, 2017, February 14, March 1, 6 and 28, April 11 and 23, and May 9, 16, 24 and 29, June 6, 11, 19 and 27, July 3, 11, 18 and 24, 2018; and (7) the defendant failed to attend outpatient

substance abuse counseling sessions as instructed for the months of May, July, November and December 2017, and January, February, March and April, 2018, and the months of May, June and July, 2018; all as admitted by the defendant on the record of the hearing and all as set forth in the petition seeking revocation of probation.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of probation and, further, that it would unduly depreciate the seriousness of the violations if probation were not revoked, it is ORDERED that the probation previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and she hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of FOUR (4) MONTHS, to be followed by a term of one (1) year of supervised release upon the standard conditions of supervised release now in effect in this district as promulgated by the

Administrative Office of the United States Courts (National Form AO 245B), the standard conditions as set forth in Local Rule 32.3 and the special condition that she participate in and successfully complete the 9 to 12 month residential drug treatment program at Recovery Point where she shall follow the rules and regulations of the facility, and participate in drug abuse counseling and treatment as directed by the probation officer.  The defendant shall report directly, without interruption, from her place of incarceration to the Recovery Point program.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED:  August 21, 2018

                                      John T. Copenhaver, Jr.
                                      United States District Judge